IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEANNE SISK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 11-121-RGA-CJB |
| | ) | |
| SUSSEX COUNTY, a political subdivision | ) | |
| of the State of Delaware, BOARD OF | ) | |
| ADJUSTMENT OF SUSSEX COUNTY, | ) | |
| a political subdivision of Sussex County, | ) | |
| DAVID B. BAKER, in his individual | ) | |
| and official capacity as Sussex County's | ) | |
| County Administrator, LAWRENCE B. | ) | |
| LANK, in his individual and official | ) | |
| capacity as the head of Sussex County's | ) | |
| Planning and Zoning, DALE A. | ) | |
| CALLAWAY, in his individual and official | ) | |
| capacity as Chair of the Board of | ) | |
| Adjustment and Board Members | ) | |
| JEFFREY HUDSON, in his individual and | ) | |
| official capacity, RONALD G. MCCABE, | ) | |
| in his individual and official capacity, JOHN | ) | |
| M. MILLS, in his individual and official | ) | |
| capacity, and E. BRENT WORKMAN, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In this action, Plaintiff Jeanne Sisk ("Plaintiff") filed a Complaint pursuant to 42 U.S.C.

§§ 1983 and 1985 for alleged constitutional violations committed by Defendants Sussex County

("the County"), the Board of Adjustment of Sussex County ("the Board"), David Baker (Sussex

County's Administrator), Lawrence B. Lank (Sussex County's Director of Planning and Zoning),

and five members of the Board (Dale A. Callaway, Jeffrey Hudson, Ronald G. McCabe, John M.

Mills, and E. Brent Workman) (collectively "Defendants"), and a subsequent First Amended

Complaint ("Amended Complaint") making similar allegations. (D.I. 1, 26)  Presently before

the Court is Defendants' motion seeking dismissal of Plaintiff's Amended Complaint due to

Plaintiff's failure to respond to a pending motion to dismiss the Amended Complaint and to other

of the Court's orders. (D.I. 31)  For the reasons set forth below, the Court recommends that

Defendant's motion be GRANTED.

I.     **BACKGROUND**

On February 7, 2011, Plaintiff filed the Complaint against Defendants, asserting (1)

violations of her substantive due process rights by the Board; (2) retaliation for the exercise by

Plaintiff of her free speech rights under the First Amendment to the U.S. Constitution; and (3)

violations of procedural due process by the County. (D.I. 1)  At the time, Plaintiff was

represented by Ronald G. Poliquin of the Law Firm of Ronald G. Poliquin ("Plaintiff's

Counsel"). (*Id.* at 8)

In lieu of answering the Complaint, Defendants moved to dismiss it pursuant to Federal

Rule of Civil Procedure 12(b)(6). (D.I. 15)  After briefing and oral argument on that motion, on

June 1, 2012, the Court filed a Report and Recommendation recommending that the District

Court grant the motion to dismiss without prejudice. (D.I. 24)  The District Court subsequently

adopted the Report and Recommendation. (D.I. 25)  Thereafter, on July 3, 2012, Plaintiff filed

the Amended Complaint, which alleged only a substantive due process claim and a First

Amendment retaliation claim. (D.I. 26)  On July 17, 2012, Defendants moved to dismiss the

Amended Complaint for failure to state a claim and on *res judicata* grounds ("the Motion").

(D.I. 27 at 2)  Defendants filed their opening brief in support of the Motion on July 18, 2012.

(D.I. 28)  However, for the reasons described below, Plaintiff has never substantively responded

2

to that Motion.

On August 2, 2012, the parties sought, and the Court granted, a stipulation to extend the time by which Plaintiff was required to respond to the Motion until August 20, 2012. (D.I. 29) On August 9, 2012, however, Plaintiff's Counsel was suspended from the practice of law by the Delaware Supreme Court. (D.I. 30 at 2)  On August 13, 2012, the Court of Chancery of the State of Delaware appointed James E. Liguori, Esquire ("Receiver Counsel") as the receiver of all of Plaintiff's Counsel's cases (including the instant case) and granted Receiver Counsel the authority to, *inter alia*, assist the clients of Plaintiff's Counsel in obtaining substitute legal counsel for their cases. (*Id.* at 1-3) The next day, August 14, 2012, Receiver Counsel wrote to the Court in this matter and requested an extension of time in order to "have substitute counsel in place." (*Id.* at 1)  The Court granted this request the next day, August 15, 2012, ordering that Plaintiff should have until October 19, 2012 to obtain substitute counsel and file an answering brief regarding the Motion ("the August 15 Order").

As of October 19, 2012, substitute counsel had not entered an appearance, no answering brief had been filed, and neither Receiver Counsel nor Plaintiff had communicated with the Court. In light of this, Defendants sent a letter to the Court requesting dismissal of the case for "Plaintiff's failure to respond to Defendants' motion to dismiss the amended complaint . . . as well as Plaintiff's failure to comply with the Court's August 15, 2012 order." (D.I. 31)

Around the same time, Plaintiff sent a letter to the Court. The letter was not placed on the Court's docket. However, the docket entry entered by the Court's Clerk regarding the letter indicates that in it, Plaintiff advised of difficulties she faced in obtaining substitute counsel to represent her in this matter. (D.I. 32)  The Clerk of Court, in a separate letter to Receiver

3

Counsel, advised that further correspondence from Plaintiff should be forwarded to the Court through Receiver Counsel. (*Id.* at 1)

On October 24, 2012, the Court ordered "that, on or before November 5, 2012, Plaintiff and Receiver Counsel shall show cause why this case should not be dismissed. Plaintiff and Receiver Counsel's response shall indicate whether, if substitute counsel cannot be obtained for Plaintiff in a reasonable time in the future, Plaintiff intends to continue to litigate this case *pro se*." (D.I. 33 at 2)  This Order ("the October 24 Show Cause Order") was sent to Receiver Counsel and to Plaintiff at her last known address. There is no indication that Plaintiff did not receive this Order. However, the Court received no response to the Order from Plaintiff or Receiver Counsel on November 5, nor thereafter.

After an additional two weeks passed from this November 5 deadline, the Court again gave Plaintiff an opportunity to indicate whether she wished to further prosecute this case. On November 21, 2012, the Court entered an Order ("the November 21 Order"), which set forth the procedural history of the case and required that "if Plaintiff wishes to prosecute this case *pro se*, Plaintiff shall file a response to the motion to dismiss by no later than December 5, 2012." (D.I. 34 at 2)  The Court noted that, if no such response was filed, it would rule on Defendants' request for dismissal of the case. (*Id.*) Again, a copy of this Order was sent to Plaintiff at her last known address and to Receiver Counsel. There is no indication that Plaintiff did not receive this Order. The Court received no response to the November 21 Order from Plaintiff on December 5. In the many weeks since, the Court has received no further communication from Plaintiff (nor from Receiver Counsel on Plaintiff's behalf).

## II.    STANDARD OF REVIEW

4

Federal Rule of Civil Procedure 41(b) provides a court the ability to dismiss an action for "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). This determination, which may be initiated by motion of the opposing party or *sua sponte* by the Court, is within the district court's discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-632 (1962); *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989).

The United States Court of Appeals for the Third Circuit has noted that this type of dismissal should be imposed as a sanction of last resort, and that in considering whether dismissal is appropriate, a court should utilize the following six-factor test:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Livera*, 879 F.2d at 1194. In general, a district court should explicitly apply these six factors (known as the "*Poulis* factors") in analyzing whether to dismiss all or part of a case. *Livera*, 879 F.2d at 1193-94 (remanding case to district court for consideration of the *Poulis* factors, where district court had previously dismissed a party's counterclaim due to failure to follow a court order); *see also Nusbaum v. MBFG Ltd. P'ship*, 314 F. App'x 516, 518 (3d Cir. 2009). However, the Third Circuit has also noted that these factors do not amount to a "magic formula," and that under certain extreme circumstances, such as where a litigant willfully refuses to prosecute her case or effectively makes it impossible to proceed, weighing of the *Poulis* factors is not required.

*Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (per curiam); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). In those cases where the *Poulis* factors are utilized, the Third Circuit has explained that "complete satisfaction of each *Poulis* factor [is not required] in order to justify the sanction of dismissal." *Adegbuji v. Middlesex Cnty.*, 347 F. App'x 877, 881 (3d Cir. 2009); *see also Workman v. Biles*, No. Civ. A. 00-1030 JJF, 2004 WL 609812, at *1 (D. Del. Mar. 18, 2004). "Rather, a district court should balance the factors in light of the facts and circumstances of each case to determine whether dismissal is appropriate." *Workman*, 2004 WL 609812, at *1.

## III.   DISCUSSION

As noted above, Defendants have filed a letter/motion seeking dismissal of the case in light of Plaintiff's failure to respond to the Motion and to a Court order. (D.I. 31) In light of that request—a request that is, in essence, a motion seeking dismissal of this case pursuant to Rule 41(b)—and in light of the subsequent procedural history of this case, the Court will examine whether dismissal is appropriate pursuant to Rule 41(b), due to Plaintiff's failure to prosecute her case. Although it may not be required to do so in such a situation, the Court will, in an abundance of caution, explicitly consider the six *Poulis* factors when analyzing this issue.

### A.   The extent of the party's responsibility

As to the first *Poulis* factor, regarding the extent of the party's responsibility, courts typically find the factor to favor dismissal when the party is proceeding *pro se*. This is because, in such a circumstance, the party's failure to comply with court orders cannot be blamed on counsel. *See, e.g., Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Miller v. Bailey*, Civ. Action No. 06-349-GMS, 2012 WL 5731396, at *2 (D. Del. Nov. 15, 2012). This case,

however, involves a somewhat different factual situation than that of the typical case involving a *pro se* plaintiff. Here, Plaintiff was represented at one point by Plaintiff's Counsel, who was (through no fault of Plaintiff) subsequently suspended from the practice of law, leaving Plaintiff without representation. Receiver Counsel was subsequently appointed by the Court of Chancery and was given authority, in cases including this one, to assist Plaintiff in obtaining substitute legal counsel or to file appropriate pleadings in connection with the case. (D.I. 30 at 3) However, Receiver Counsel was not required to and has not entered an appearance as Plaintiff's counsel of record in this case. Thus, since at least August 14, 2012, Plaintiff has been without counsel and has been responsible for representing her own interests in this case.

While the Court is sympathetic to the circumstances beyond Plaintiff's control that led to her current *pro se* status, ultimately the burden then fell to Plaintiff to find suitable counsel or otherwise proceed *pro se* with her case. *Cf. Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992) ("Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew [from the case.]"); *Dorsey v. Barclays Bank (US)*, 282 F.R.D. 399, 402 (D. Del. 2012) ("Although plaintiff stated he made attempts to obtain counsel, he is ultimately responsible for pursuing this case."). In cases where a party's attorney of record has withdrawn from a case, and the then-*pro se* party was aware of subsequent court-ordered deadlines but failed to respond to them, courts have found that the party bore responsibility for that failure to respond. *Hoxworth*, 980 F.2d at 920 (finding defendants to be personally responsible for failures to meet scheduling orders and respond to discovery after their attorney withdrew, as defendants were aware of the orders and discovery deadlines in question); *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) (same).

7

In this case, Plaintiff appears to have been aware of the Court's August 15 Order requiring entry of substitute counsel and the filing of an answering brief by October 19, 2012, in that just after that deadline passed, the Court received Plaintiff's letter advising of the difficulty she was experiencing in obtaining new counsel. (D.I. 32)  More importantly, the Court's October 21 Show Cause Order and the November 24 Order were directed to Plaintiff and a copy of each were sent to Plaintiff's address of record.  These Orders explicitly required Plaintiff to inform the Court as to whether, if substitute counsel did not enter his or her appearance, she intended to proceed forward and litigate this case *pro se*.  Yet Plaintiff did not respond to these Orders.

Therefore, even in light of the somewhat unusual circumstances that gave rise to Plaintiff's *pro se* status, the record in the case does demonstrate that Plaintiff bears responsibility for her own failure to prosecute the case.  For that reason, this factor weighs in favor of dismissal.

### B.    The prejudice to the adversary

The second factor is prejudice to the adversary.  In reviewing this factor, courts have at times examined whether a plaintiff's dilatoriness has had a negative impact on a defendant's ability to prepare its defense.  *See, e.g., Adegbuji*, 347 F. App'x at 880-82; *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  In addition, however, courts have found that if a plaintiff has "effectively abandoned the action," this can also constitute prejudice to an opposing party, who thereafter finds themselves required to defend a claim against an "unresponsive [and] unreachable" party.  *Jackson*, 350 F. App'x at 623-24 (concluding that district court did not abuse its discretion in dismissing a case for failure to prosecute for, *inter alia*, failure to respond to three pending motions to dismiss).  These courts have reasoned that when a party, like Plaintiff

here, fails to respond to a pending dispositive motion, the opposing party is negatively impacted, as it (1) has therefore been forced to expend time and energy to respond to a Complaint that has effectively been abandoned and (2) has seen any resolution of the litigation against them significantly delayed, due to the fact that their opposing party has been provided multiple opportunities to respond to court-mandated deadlines that nevertheless go unheeded. *Hudson v. Dascani*, Civil Action No. 11-66, 2011 WL 4565751, at *2-3 (W.D. Pa. Aug. 31, 2011) (granting motion to dismiss for failure to prosecute, after plaintiff failed to respond to a motion to dismiss for four months and ignored subsequent court order to show cause why case should not be dismissed) (citing cases); *see also Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing a complaint for failure to prosecute, where plaintiff failed to respond to motion to dismiss for more than three months and where district court found that this failure to comply had prejudiced defendants).

The prejudice faced by Defendants here is only exacerbated by the length of time that the substance of the claims-at-issue have been pending against them. Those claims relate to a replacement shed that, in 2008, Plaintiff placed on the lot of the mobile home park where she lived, after Plaintiff's original shed was destroyed by inclement weather. (D.I. 24 at 3) After the County issued notices in 2008 and 2009 to Plaintiff stating that the replacement shed violated local zoning ordinances, Plaintiff appealed these violations to the Board, which denied the appeal after a hearing. (*Id.* at 4-5) In December 2009, Plaintiff then filed a Notice of Appeal in the Sussex County Superior Court, seeking reversal of the Board's decisions. (*Id.* at 6) In February

2011, the Superior Court affirmed the Board's decisions in a letter opinion.[1]  (*Id.*)  Thereafter, Plaintiff filed this federal case in February 2011, which Defendants successfully moved to dismiss once without prejudice.  (D.I. 24, 25)  After Plaintiff later filed the Amended Complaint, which Defendants again moved to dismiss, Defendants agreed to an extension of time for Plaintiff to respond to that Motion.  (D.I. 29)  Then, after Plaintiff's counsel was suspended, Plaintiff was granted another, two-month extension in which to obtain new counsel and file an answering brief.

This lengthy procedural history simply underscores that Plaintiff's current failure to respond to Court orders or prosecute this case does not arise in a vacuum—it comes in the context of a matter that Defendants have spent years litigating (nearly two of those years in this Court alone).  That history exacerbates the prejudice Defendants face in being subject to a suit that Plaintiff appears to have now abandoned.

For these reasons, the Court finds that this factor weighs in favor of dismissal.

### C.   History of dilatoriness

The third *Poulis* factor asks whether there has been a history of dilatoriness.  In examining this factor, courts have looked to, *inter alia*, whether there have been multiple violations of time limits imposed by the Rules or the court.  *See, e.g., Krieger v. Russell*, — F.R.D. —, 2012 WL 1836181, at *2 (D. Del. May 17, 2012) ("there is a history of dilatoriness inasmuch as plaintiff failed to respond to a show cause order, failed to provide the court with his current address, failed to file a response to defendant's pending motion for summary judgment

---

[1]     The existence of the Superior Court's prior decision is what gives rise to the Defendants' claim that this litigation is barred by the doctrine of *res judicata*. (D.I. 28 at 18-20)

despite being given additional time, and has taken no action in this case [for over one and a half years]"); *Hudson*, 2011 WL 4565751, at *3 (finding a history of dilatoriness in light of plaintiff's failure "to move this case forward" and related failure to respond to pending motion to dismiss for three months and later failure to respond to an order to show cause why the case should not be dismissed). However, a court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

On the one hand, prior to the suspension of Plaintiff's Counsel, Plaintiff had not evinced a history of dilatoriness. Indeed, the very lengthy procedural history associated with this case suggests that Plaintiff had expended great time and effort seeking recourse for the alleged zoning violations that are at the heart of this matter. Plaintiff was also present at oral argument regarding Defendants' first motion to dismiss. (D.I. 23 at 2)

However, subsequent to that suspension, Plaintiff has demonstrated repeated dilatory conduct. She has failed to file a response to Defendant's Motion, which has been pending since July 2012. She has also failed to respond to the October 24 Show Cause Order, failed to respond to the November 21 Order and failed to communicate with the Court in any form for many months. While this history of dilatoriness has not persisted for years as in some cases where our Court has dismissed for failure to prosecute, *see, e.g., Krieger*, 2012 WL 1836181, at *2, it has been sufficiently lengthy and clear so as to fairly indicate "an intent to abandon this case." *Fowler v. Tennis*, Civil No. 3:09-CV-01726, 2011 WL 1988418, at *2 (M.D. Pa. May 2, 2011) (finding history of dilatoriness where plaintiff failed to respond to a summary judgment motion and either refused to accept mail from the court or failed to keep the court abreast of his current

11

address); *see also Travelodge Hotels, Inc. v. Ravin Hotels & Invs., LLC*, Civil Action No. 11-cv-2503, 2012 WL 3575302, at *1-2 (D.N.J. July 20, 2012) (finding a history of dilatoriness occurred over a six-month period where defendants failed to answer discovery requests and failed to attend a status/settlement conference where the consequences of not attending was expressly noted to be default); *Hudson*, 2011 WL 4565751, at *3. The Court finds that this factor weighs in favor of dismissal, albeit perhaps not as strongly as if the conduct had persisted over a period of years instead of many months.

### D.   Whether the conduct of the party was willful or in bad faith

As to the fourth factor, whether the conduct of the party was willful or in bad faith, "[w]illfulness involves intentional or self-serving behavior" rather than simply "inexcusable negligent behavior." *Adams*, 29 F.3d at 875-76. Over the last number of months, the Court repeatedly and explicitly ordered that Plaintiff provide some indication that she wished to proceed with this case, or face dismissal of her claims. The copies of the Orders were sent to Plaintiff's address of record and there is no evidence that Plaintiff did not receive them. Despite this, Plaintiff has failed to comply with these Orders or otherwise respond in any way.

There is not sufficient evidence of record regarding the motivation behind Plaintiff's inactivity for the Court to term her conduct (or lack thereof) as being the product of "bad faith." *See Hall v. Holman*, Civ. Action No. 04-1328-GMS, 2007 WL 2049776, at *3 (D. Del. July 12, 2007) (finding that plaintiff's failure to participate in the case once he was released from prison—by failing to appear, respond to discovery deadlines and comply with court orders—was willful, but not in bad faith); *see also Travelodge Hotels*, 2012 WL 3575302, at *2. However, the facts set forth above do indicate a clear, knowing disregard of the Court's orders, which

supports the conclusion that Plaintiff's inactivity is willful and intentional. *See, e.g., Hudson,*

2011 WL 4565751, at *3 (finding plaintiff's failure to respond to court's orders requiring filing

of an answer to motion to dismiss and to show cause was willful, where there was no indication

that plaintiff failed to receive the orders); *Seawright v. Williams,* Civ. Action No. 05-576-JJF,

2009 WL 1176459, at *2 (D. Del. May 1, 2009) (finding that plaintiff's failure to respond to

Court's order that he show cause as to why his claims should not be dismissed, where the order

was not returned as undeliverable, supported a finding that plaintiff's actions in failing to

prosecute case were willful and in bad faith). For this reason, this factor weighs in favor of

dismissal.

### E.   The effectiveness of sanctions other than dismissal

The fifth *Poulis* factor relates to the effectiveness of alternative sanctions other than

dismissal. In examining this factor, courts often look at the financial status of the party to be

dismissed to determine whether the threat or imposition of monetary sanctions could prompt

compliance with court orders. *See, e.g., Stubbs v. Bank of Am. Corp.,* 283 F.R.D. 218, 221 (D.

Del. 2012). Courts also examine the extent of the party's recent contact with the court—in that if

a party has been continually non-responsive, it is therefore unlikely that an alternative sanction

will change the party's behavior. *See, e.g., Jackson,* 350 F. App'x at 624 (affirming a district

court's dismissal of a case where the district court determined that "financial sanctions would be

futile [because, *inter alia,* the plaintiff] had been unreachable since June of the previous year");

*Workman,* 2004 WL 609812, at *2 ("Given Plaintiff's consistent failure to respond to the Court's

Orders, the Court is . . . persuaded that sanctions other than dismissal would be ineffective.");

*Guy v. City of Wilmington,* 169 F.R.D. 593, 597 (D. Del. 1996) (finding that plaintiff's repeated

failure to meet deadlines indicated that any alternative sanction imposed would be ineffective).

In this case, the Court does not have significant information regarding Plaintiff's financial status to judge whether she could afford to pay a monetary sanction (or, alternatively, whether such a sanction would not provide motivation to respond to the Court's orders because Plaintiff has no ability to pay). However, for the reasons expressed above, the Court finds that Plaintiff's repeated lack of response to its Orders over the last many months and lack of communication with the Court is persuasive evidence that sanctions would be ineffective in altering her conduct.[2] As with the factor regarding dilatoriness above, this conclusion would be even stronger had Plaintiff's inactivity spanned years, instead of many months. However, that inactivity has occurred over a sufficient period of time for this factor to favor dismissal.

F.    **The meritoriousness of the claim or defense**

The final factor is the meritoriousness of the claims or defenses. In confronting this factor, a court should not "use summary judgment standards"; instead, a "claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would

---

[2]    Because this case presents a situation where it appears that Plaintiff has intentionally abandoned her case, the Court finds that the sanction of dismissal without prejudice is not appropriate, based on the current record. Dismissal without prejudice has been found to be appropriate where the litigant failed to comply with certain court orders, but has nevertheless provided contemporaneous or subsequent indication of interest in protecting his or her right to litigate the matters at issue. *See Barger v. Walton*, 260 F. App'x 476, 477-78 (3d Cir. 2008) (per curiam) (overturning district court's dismissal with prejudice for *pro se* inmate's failure to timely execute service of process forms, where plaintiff had filed other pending motions at the time he failed to fill out the service of process forms, and had offered an explanation to the court for his failure to timely execute and mail the forms); *Passmore v. Beard*, Civil No. 3:07-1842, 2009 WL 1138128, at *1-4 (M.D. Pa. Apr. 24, 2009) (finding that granting plaintiff's motion for voluntary dismissal without prejudice was appropriate, as opposed to ordering dismissal with prejudice, where plaintiff had failed to meet a briefing deadline, but subsequently provided explanation for that failure as part of his motion for voluntary dismissal). Here, Plaintiff has been given multiple opportunities to indicate an intention to further this case over the last number of months, but has not done so.

support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. In this case, it is noteworthy that Plaintiff's allegations have already been dismissed once for failure to state a claim pursuant to Rule 12(b)(6). However, an Amended Complaint was subsequently filed on Plaintiff's behalf, and the Court makes no ruling on the merits of that Amended Complaint. For now, it is sufficient to note that even assuming *arguendo* that Plaintiff's pending claims are deemed meritorious under the standard above, so too would the strength of Defendants' affirmative defenses, including its claim that, in light of the outcome of the prior Superior Court litigation, Plaintiff's claims should be barred by the doctrine of *res judicata*. (D.I. 28 at 18-20); *see Shearin v. Town of Elsmere*, Civ. Action No. 02-276-JJF, 2007 WL 3225372, at *3 (D. Del. Oct. 30, 2007) (finding that this factor was neutral where even though plaintiff's allegations were facially meritorious, defendant's affirmative defenses were also facially meritorious); *see also Adams*, 29 F.3d at 876-77 ("Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the [meritoriousness of the claim] factor may not weigh in favor of the plaintiff.") (citing *Poulis*, 747 F.2d at 870). The Court therefore finds this factor to be neutral.

### G.   Balancing of the *Poulis* Factors

In this case, although the sixth *Poulis* factor is neutral, the remainder of the factors all militate in favor of dismissal with prejudice of Plaintiff's claims. Therefore, based on the state of the current record, the Court recommends that Plaintiff's claims be dismissed with prejudice. *See Hall*, 2007 WL 2049776, at *3 (finding dismissal with prejudice appropriate where "[f]ive of six *Poulis* factors weigh[ed] in favor of dismissal as an appropriate sanction, while the sixth [wa]s neutral.").

15

The Court is mindful of the fact that "dismissals with prejudice or defaults are drastic sanctions" and that the "'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 867, 870. The Court is also cognizant of the somewhat unusual factual and procedural circumstances that have led to the current state of this litigation. However, in light of the repeated failure of Plaintiff to respond to the Court's Orders and to indicate an interest in proceeding forward with this case, the Court finds this sanction to be appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the District Court order that Plaintiff's Amended Complaint be dismissed with prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available at http://www.ded.uscourts.gov.

January 22, 2013

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE